Statement of the Case.
MONROE, J.
The question to be here determined is stated by our brethren of the court of appeals as follows:
“In the present case, the plaintiff, a laborer on defendant’s road, brought suit to recover his wages. The company pleaded, in part satisfaction of the plaintiff’s claim, the amount of a certain judgment rendered against it in a justice court in the state of Tennessee. The proof showed that the defendant conrpany was organized and chartered under the laws of Louisiana, Arkansas, and Missouri, and was doing business in the state of Tennessee, where it had a legally appointed agent, upon whom legal service could be made in all actions against it. A creditor living there brought an action against the plaintiff, living in this state, by garnishment process, citing the agent of the railroad company personally, and giving notice to the defendant by substituted service. The railway company notified its laborer here of the pendency of said proceedings in the state of Tennessee, and made the defense that the party sued was one of its laborers in this state, and that, as such, his wages were exempt from seizure. Notwithstanding this defense, the action went against it. The judgment thus rendered was paid by the company, and is urged against the plaintiff in the present suit.
“The case was tried in the district court, and went against the plaintiff, and he appealed. This court affirmed the judgment, handing down a written opinion, * * * which is submitted along with the question certified. * * * The plaintiff, by timely application, asked for a rehearing, which is now pending in this court. * * * The question certified for our guidance under the foregoing state of facts may be formulated as follows:
“Can the exemption of wages by 'the law of the state in which is the residence of both debtor and creditor and the place wliere the labor is performed and the wages are passable be defeated by garnishment proceedings in a sister state by a creditor of the laborer, resident in such state, when the debt- or is a corporation, and has a residence also in such other state?”
Opinion.
We concur in the view, expressed in the able opinion handed down by the learned judges of the court of appeals, that the question presented—i. e., as to the faith and credit to be given in Louisiana to the judgment rendered by the justice court of the state of Tennessee—depends for its determination upon the effect to be given to section 1, art. 4, of the constitution of the United States, and that the courts of this state must be governed, with respect thereto, by the rulings of the supreme court of the United States, and more particularly by the decision in Railroad Co. v. Sturm, 174 U. S. 710, 19 Sup. Ct. 797, 43 L. Ed. 1144, in which it was held, under circumstances similar in all essential particulars to those of the instant case, that (quoting the syllabus): ■ “Exemption laws are not part of the contract. They are part of the remedy, and subject to the law of the forum. Jurisdiction in garnishment of a debt due to a nonresident may be acquired without service on him, except by publication, so as to make a judgment against him valid, and entitle it to full faith and credit in other states.”
The question certified to this court is therefore answered in the affirmative.