CHASEZ, Judge.
This suit is pursuant to a rule for taxes filed by the Collector of Revenue against Tenneco Oil Company in Civil District Court for the Parish of Orleans. Originally a warrant of distraint was issued for unpaid sales taxes due from the Bludworth Construction Company of Houston, Texas to the State of Louisiana. Subsequent to this warrant a notice of levy was served on the registered agent of Tenneco Oil Company, ordering the surrender of all property or rights to property of Bludworth Construction Company possessed by Tenneco Oil Company. Tenneco has refused to honor this levy and the Collector has filed this rule alleging that Tenneco has become personally responsible for the tax to the extent of the property it possessed. In a summary proceeding the district court rendered a judgment in favor of the Collector in the sum of $1973.35, the amount Tenneco was ordered to pay Bludworth by the United States District Court for the Middle District of Florida, Tampa Division. From this judgment Tenneco has appealed.
The facts which give rise to this contest are not in dispute. Bludworth Construction Company allegedly owes the State of Louisiana the sum of $3,360.00 as unpaid sales tax exclusive of interests and costs. A warrant of distraint was issued by the Collector of Revenue against Bludworth under the provisions of RS 47:1569-1573. On March 29, 1967, the Collector issued a notice of levy on Tenneco Oil Company under the provisions of RS 47:1570-1572. The notice was properly served on Tenneco who is qualified and doing business in Louisiana. At the time of the levy Ten-neco was not possessed of any tangible property in Louisiana, but its only relation with Bludworth Construction Company was through a claim filed against Bludworth in United States District Court for the Middle District of Florida, Tampa Division. The object of the claim was to have the tug, “Viking Prince”, owned by Tenneco and chartered by Bludworth, delivered back to Tenneco. By decree dated April 3, 1967, the Federal Court exercising its exclusive admiralty jurisdiction ordered the return of the tug and required Tenneco to pay Bludworth the market value of certain lube oil and diesel fuel left on board the tug, to be determined at the time of delivery. The value of the fuel and lubricants was later determined to be $1973.35.
The Collector alleges that the State of Louisiana has a lien or privilege on this sum, for it represents rights to property possessed by Tenneco at the time the notice of levy was served on its registered agent. The District Court for the Parish of Orleans after trial ordered Tenneco to pay the Collector the sum of $1973.35.
Tenneco has taken this appeal from the judgment of the district court challenging the statutory authority for the collector’s demands in this matter. Tenneco initially argues that a summary proceeding under RS' 47:1574 is not authorized against any party other than the alleged tax debtor. It is further argued that the obligation arising under RS 47:1572 may not properly be enforced by summary proceeding as provided in RS 47:1574. Tenneco advances the proposition that if a third party has *304 property or rights to property belonging to a person subject to distraint for unpaid taxes under RS 47:1572, then a refusal to honor the collectors lien against this property imposes a penalty on this third party which under RS 47:1572 is a money debt and not a claim for taxes authorized by RS 47:1574.
RS 47:1574 provides in part:
“In addition to any other procedure provided in this Sub-title or elsewhere in the laws of this state; and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising under this Sub-title, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the state, or by or on behalf of the collector, for taxes, excises, and licenses and for the penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows * * * ”
The language of the statute which provides for the “trial of all claims for taxes, penalties, interest, attorney fees, or other costs or charges arising under this Sub-title” clearly implies that the enforcement of a claim by summary judgment against a third party under RS 47:1572 is permitted. Where penalties, interest, attorney fees and other charges may be assessed against a third party under this Sub-title, then necessarily they may be enforced by summary proceeding as provided above. No distinction should be drawn which by labeling the third party’s, obligation a money debt rather than a tax debt, would require an ordinary proceeding and circumvent the enforcement process of RS 47:1574. The language of RS 47:1574 is sufficiently broad to authorize summary process not only for the tax claim but also for penalties or other costs and charges arising under the Sub-title.
The remainder of Tenneco’s appeal is based on Section 1572 of title 47, Louisiana Revised Statutes. The argument against the extent of authority exercised by the Collector of Revenue under section 1572 is the real issue in this contest. The question posed is: May the Collector of Revenue under the authority of section 1572 issue a tax levy against a third party and enforce the penalty clause of that section when the only rights to property possessed by that third party are in his capacity as a litigant to a pending law suit and subject to disposition by a judicial decree of a foreign forum? The problem is somewhat compounded by the fact that the rights to property possessed by this third party are in fact his obligation to pay a debt under the decree. Thus, the question more simply stated is whether Section 1572 permits a levy against an obligation to pay a debt and impose a penalty on a third party, when the debt and both parties to that debt are subject to competent judicial process beyond the jurisdictional power of Louisiana courts.
RS 47:1572 provides as follows:
“§ 1572 Surrender of property subject to distraint.
“Any person in possession of property or rights to property subject to distraint, upon which a levy has been made, shall, upon demand by the collector or his authorized assistants, making such levy, surrender such property or rights to the collector or his authorized assistants, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process. Any person failing or refusing to surrender any such property or rights shall be liable to the state in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes, penalties, and interest and other costs and charges which are due.”
Under the above quoted statute, Tenneco argues that the Collector is powerless to *305 seize property having- a fixed situs beyond the boundaries of the state and especially when this property is subject to disposition under a decree of a court which had original exclusive jurisdiction over the rights. Defendant additionally advances the argument that Tenneco was not possessed of property at the time of demand, and the statute should not be effective against rights which are to be determined at a later date. The lower court did not find merit with these arguments, and upheld the validity of the procedure taken by the Collector against the defendant. In its reasons for judgment the court analogized the procedure allowed by § 1572 to garnishment and permitted the penalty clause to be put into effect. In review of this decision, our task is to examine the statute further to inquire if that procedure may be properly utilized under the circumstances of this case.
Ignoring for the moment other questions presented in the premises, we agree that the collector has authority to seize rights to property when these rights have not been determined exactly at the time of demand but are subject to declaration in a pending lawsuit. The argument that Tenneco was not possessed of property belonging to Bludworth, because the decree declaring Bludworth owner of these rights was not stated until after the demand was made on Tenneco, has no merit in this matter. RS 13:3864-3868 is the statutory authority in Louisiana which permits a creditor to seize the rights to a pending lawsuit as a part of the debtor’s patrimonial assets. And, as a general premise, it is well settled that a creditor may seize the rights and interests (except for strictly personal rights) of a litigant in a pending lawsuit, even though these rights are not declared at the time demand is made. See Yiannapoulos-Louisiana Civil Law of Property § 78. The fact that these rights are not exactly determined at the time of demand under section 1572 does not alone disrupt the validity of their seizure.
While the process of seizure of rights to a pending law suit is well settled, the problem presented in this case is whether one can seize the rights of an opposing party over which the creditor has no jurisdiction. Is the third party, Tenneco, possessed of rights susceptible to seizure or is it possessed merely of an obligation to pay its judgment creditor in the suit over which the Louisiana creditor has no jurisdiction?
The statutes expressly permitting the seizure of these rights do not contemplate the third party procedure as allowed in RS 47:1572. RS 13:3864-3868 while quite broad are stated in terms of the creditor seizing the rights of his immediate debtor and necessarily contemplates some jurisdictional relationship between these two parties. For example, RS 13:3865 requires notice to be served on the parties to the suit to create a “preference on whatever is realised by his debtor out of the suit.” (Emphasis supplied.) This specific example which indicates that his debtor is to realize something from the suit, when read along with the language used in other sections permitting this type seizure, appears to require an immediate debtor-creditor relationship as contemplated by the terms of this statute. The third party proceeding as authorized by section 1572 would therefore seem to be beyond the authority granted the creditor by RS 13:3864 — 3868, The seizing creditor has no interest in what the litigant over whom he has jurisdiction is to realize from the pending lawsuit; his sole purpose is to attach the rights possessed by this litigant and due to the non-jurisdictional litigant, but these rights are subject to judicial disposition beyond the creditor’s authority.
Plaintiff attempts to resolve this apparent conflict by application of reasoning used in garnishment of a debt due a non-resident. Under this garnishment procedure the creditor may garnish the debtor of his immediate debtor wherever the garnished debtor may be found; it does not matter that the imme *306 diate debtor is not made a party to the suit by personal service. Where a Tennessee Court has jurisdiction over the original creditor and his garnishee, the Louisiana Supreme Court upheld the validity of the garnishment, although the original debtor never submitted to the personal jurisdiction of the Tennessee Court. The original debtor later sued the garnishee for the debt which was otherwise deemed owing in Louisiana, but the Supreme Court honored the prior judgment which had established the garnishment. Williams v. St. Louis & S. W. Ry. Co., 109 La. 90, 33 So. 94. Allowing full faith and credit to the Tennessee judgment, the Louisiana Supreme Court relied exclusively on a United States Supreme Court decision which was the authority at the time. See Chicago, Rock Island & Pacific Railway Co. v. Sturm, 174 U.S. 710, 19 S.Ct. 797, 43 L.Ed. 1144, which upheld the acquisition of jurisdiction in the garnishment of a debt due a non-resident without service on him except by publication. The garnishment was considered valid, and all other states must give it full faith and credit although the garnishee was the only party to the original debt over which the court had personal jurisdiction.
At the time the Williams case, supra, was tried in Louisiana, the Sturm case was the only United States Supreme Court decision which provided authority on garnishment of a debt due a non-resident. However, the leading case in this area was decided a few years later; see Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023. The Sturm case, supra, bases its decision on the fact that debts are transitory and having no situs accompany the ■creditor everywhere. Such debts are payable wherever demand may be made on the debtor provided there is no special limitation or provision with respect to that situs. Harris v. Balk, supra, refined the reasoning set forth in the Sturm case as follows:
“The case recognizes the right of the creditor to sue in the state where the debtor may be found, even if but temporarily there; and upon that right is built the further right of the creditor to attach the debt owing by the garnishee to his creditor. The importance of the fact of the right of the original creditor to sue his debtor in the foreign state, as affecting the right of the creditor of that creditor to sue the debtor or garnishee, lies in the nature of the attachment proceeding. The plaintiff in such proceeding in the foreign state is able to sue out the attachment and attach the debt due from the garnishee to his (the garnishee’s) creditor, because of the fact that the plaintiff is really, in such proceeding, a representative of the creditor of the garnishee, and therefore if such creditor himself had the right to commence suit to recover the debt in the foreign state, his representative has the same right, as representing him, and may garnish or attach the debt, provided the municipal law of the state where the attachment was sued out permits it.”
Harris v. Balk, 25 S.Ct. 625, 628.
Thus, in garnishment proceedings the right to garnish stems from the creditor’s right to enforce the debt wherever it may be attached. If the debt may be seized through an attachment of rights of the debtor possessed by the debtor's debtor, then the transitory nature of the debt is localized where this attachment has taken place. The fact that the debt has no situs refers not only to the intangible nature of the obligation, but also that the debt exists only as a relation between the parties. Once this relationship matures and is subject to definition by a court of competent jurisdiction then the debt loses its transitory character, and to the extent that the relation may be resolved by that court, its situs is fixed. Once the situs is fixed, the judgment of that court must be given full faith and credit as granted by the United *307 States Constitution. All the foregoing presumes, of course, that the court has jurisdiction over the subject matter and parties to the relation.
In the instant case the relationship between Bludworth Construction Company and Tenneco Oil Company involves only the rights of these litigants resulting from the final resolution of a lawsuit over which the United States District Court for the Middle District of Florida, Tampa Division, has exclusive jurisdiction. The adjudication of these rights has never been within the purview of Louisiana courts and any judgment issuing from the final determination .of this relationship must be given full faith and credit under Section 1, Article 4 of the United States Constitution.
Binding on our conclusion in this suit are Harris v. Balk and the Sturm cases, supra, which would permit a garnishment type attachment so long as the Louisiana court was competent to adjudicate the debt- or-creditor relationship which is otherwise intangible and lacks fixed situs. Since in this suit, jurisdiction has properly attached in the United States District Court in Florida, the Louisiana Courts are powerless to acquire jurisdiction over this debt where the judgment debtor is the only party over whom Louisiana may now exercise its power.
Under RS 47:1572 the Collector has no interest in the third party against whom the levy has been made unless he failed or refused to surrender the rights he possesses. While it has been determined that Tenneco is possessed of these rights, the situs is fixed beyond the jurisdiction of Louisiana courts and subject to judicial disposition there. The analogy to garnishment procedure does not validate the reasoning of the Collector in this suit. Indeed the United States Supreme Court decisions on which Louisiana jurisprudence is based imply that no garnishment would lie where the debt has acquired situs outside of Louisiana before any demand was made under RS 47:1572.
We conclude that RS 47:1572 does not authorize the Collector of Revenue to proceed herein against Tenneco Oil Company who possesses rights to property, when such rights are in the form of an obligation to pay as decreed by the United States District Court in Florida which has acquired jurisdiction over Tenneco Oil Company and Bludworth Construction Company, the tax debtor, prior to the demand made by the Collector of Revenue.
Therefore, judgment of the District Court in favor of the Collector of Revenue is reversed, and judgment is now rendered in favor of Tenneco Oil Company and against the Collector of Revenue dismissing the suit. The Collector of Revenue shall pay such costs as the State or any Subdivision, Board, or Commission thereof may be required under the law to bear.
Reversed and rendered.