407 So.2d 34 (1981)
Nelda REID, Plaintiff-Appellee,
v.
ALLSTATE INSURANCE COMPANY, et al, Defendants,
State of Louisiana, Uniform Group Employees Benefits Program, Appellant.
No. 8454.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
Rehearing Denied January 4, 1982.
*35 Tommy D. Teague, Baton Rouge, for defendant-appellant.
Gahagan & Gahagan, Marvin F. Gahagan, Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, SWIFT, and YELVERTON[*], JJ.
DOMENGEAUX, Judge.
This suit involves a claim allegedly due under the State of Louisiana, Uniform Group Employees Benefits Program, for medical and hospitalization costs resulting from an accidental injury. Nelda Reid, plaintiff-appellee, originally filed suit against Allstate Insurance Company (Allstate) and Continental National Assurance Company (Continental), claiming benefits arising out of two separate insurance policies. Pursuant to a settlement between defendant Allstate and the plaintiff, she dismissed her suit against Allstate reserving her rights against defendant Continental. Thereafter, the State of Louisiana, Uniform Group Employees Benefits Program (State), was substituted as a party defendant in the place of Continental.
The trial judge found in favor of the plaintiff and against the State, and awarded *36 her judgment in the amount of $1,545.10, plus penalties of $1,545.10, attorney's fees of $1,500.00, interest and costs. The State of Louisiana, the only remaining defendant, has appealed.
On appeal, the State suggests several errors. For reasons hereinafter stated, we find it unnecessary to address all of them. Instead, the attention of our review focuses only on the issue of proof of damages. In particular, has plaintiff sufficiently proven the damages awarded by the trial court?
The trial in this matter primarily involved two issues, (1) the interpretation of a provision found in the contract of insurance between the plaintiff and the defendant, and (2) damages. By addressing the issue of damages, we find it unnecessary to rule on the trial court's interpretation of the insurance contract.
At trial both parties presented their arguments on the contract interpretation issue. Thereafter, defendant produced one witness whose testimony related solely to the interpretation issue. Much to the surprise of her counsel, plaintiff failed to appear and testify in her own behalf. It appears that she now resides out of state, and failed to notify her counsel of her intention not to appear. No continuance was requested.
Absent his client's testimony, plaintiff's counsel's sole remaining evidence, relating to damages allegedly sustained by his client, consisted of several photostatic copies of receipts purporting to be plaintiff's medical expenses. Counsel submitted these photostatic copies into evidence in globo and rested.
We are aware that reversible error exists as to a factual conclusion only when there is a complete absence of probative facts to support a reasonable inference by the trier of fact. Darbonne v. Allstate Insurance Company, 357 So.2d 1269 (La. App.3rd Cir. 1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). Our review and close study of this record leads us to conclude that there is insufficient evidence to sustain the decision of the trial court.
The point seems too elementary to state, but we will state it anywaya plaintiff must prove his case before he is allowed to recover. Likewise, in order to prove his case, it is necessary that the plaintiff prove each and every element of the damages claimed. As mentioned above, plaintiff's only evidence produced at trial consists of photostatic copies of receipts purported to be medical expenses incurred by her. One particular page of plaintiff's exhibit contains a photostatic copy of five receipts grouped together. Four of these receipts, which appear to represent prescription receipts, are incompletely dated, and fail to show the drug prescribed.[1] The fifth receipt, from its face, gives absolutely no indication as to what it purports to represent.
We might also point out other peculiarities surrounding the receipts referred to hereinabove. The accident in question occurred on September 19, 1977. On June 15, 1978, services were provided to the plaintiff by St. Mary's Hospital. An invoice for services, amounting to $55.00, was sent to the defendant on or about July 15, 1978, and on July 24, 1978, defendant paid the submitted claim in full. Defendant received no other bills or claims from the plaintiff until after suit was filed on September 19, 1979, and in some instances these claims represented expenses incurred some two years prior to the filing of suit.
Plaintiff's list of receipt copies, relied on by the trial judge in awarding damages, include in part, the previously paid St. Mary's medical bill, the drug receipts mentioned above, a receipt of $750.00 for a boxspring and mattress purchased from a furniture store located in Natchitoches, as well as a receipt for laboratory tests run *37 two years before the institution of this suit. The introduction of these copies alone merely commenced the proof of facts contained therein. Marks v. New Orleans Cold Storage Co., 107 La. 172, 31 So. 671 (1901).
Absent a stipulation by the defendant acknowledging the validity of these copies and their connexity with the accident from which plaintiff claims damages herein, the amounts shown thereon cannot be recovered when not corroborated by supporting evidence. Nowhere in the record of this proceeding do we find any testimony or other evidence dealing with the issue of damages sustained by the plaintiff. Therefore, the plaintiff has failed to prove by a preponderance of evidence the damages she claims in this suit. It follows, that her suit must be dismissed.
For the above and foregoing reasons the judgment of the trial court awarding plaintiff damages, penalties, attorney fees, interest and costs is reversed and plaintiff's suit is hereby ordered dismissed. All costs at trial and on appeal are assessed against the plaintiff-appellee.
REVERSED AND RENDERED.
NOTES
[*] Judge Henry L. Yelverton, Fourteenth Judicial District Court, Parish of Calcasieu, presided as Judge ad hoc in this decision.
[1] The copy of the prescription receipts show the day and month filled but fail to show the year. The medication prescribed is represented by a number alone. Without more, we have no way of knowing whether or not the prescribed medication is recoverable under the insurance policy or whether or not it properly relates to this suit.