502 So.2d 591 (1987)
Royce Wayne REECE, Sr., Plaintiff-Appellant,
v.
Lotus Cirilo REECE, Defendant-Appellee.
No. 85-701.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
Writ Denied March 26, 1987.
*592 Philip A. Letard, Sr., Vidalia, for plaintiff-appellant.
Brent S. Gore, Ferriday, for defendantappellee.
Before DOUCET, LABORDE and KING, JJ.
DOUCET, Judge.
Royce and Lotus Reece were married on December 31, 1970, in Biloxi, Mississippi, and immediately established their marital domicle in Winston-Salem, North Carolina. Two children were born of the marriage, namely Royce Wayne Reece, Jr. and Michael Benjamin Reece.
In July of 1976, Mr. and Mrs. Reece obtained a deed of separation in North Carolina. The agreement forbade Mrs. Reece from charging on their joint credit cards. The agreement also provided for monthly child support to be paid by Mr. Reece. On August 8, 1977, a North Carolina court rendered a judgment of divorce, thereby dissolving the marriage. On October 29, 1984, Mr. Reece instituted suit in the Seventh Judicial District Court in order to gain custody of his minor children. In response to this petition, Mrs. Reece reconvened for arrearages in child support. The District Court awarded custody of the older child and younger child to Mr. Reece and Mrs. Reece, respectively. Additionally, the District Court cast Mr. Reece in judgment for arrearages in child support limited to the past three years for the amount of $7,200.00, plus all costs of the proceedings. From this judgment, Mr. Reece appeals.
In Mr. Reece's first assignment of error, he contends that the District Court erred in giving the separation agreement full faith and credit. Mr. Reece supports this contention by citing authority which stands for the proposition that only final judgments of another state will be given full faith and credit. Mr. Reece asserts that since the separation deed is not a judgment, it cannot be given full faith and credit.
While we agree with the above proposition of law, we recognize that the District Court did not make the separation deed executory in Louisiana by giving it full faith and credit. Instead, the record reveals that the District Court treated the separation deed as a contract and ordered specific performance on that contract. Article 10.1 of Chapter 52 of the North Carolina Statutes sanctions such agreements and the District Judge, in his reasons for judgment, specifically cited the statute and stated that agreements of this type are valid in all respects. Thus, we find that the District Court correctly upheld the contract.
Mr. Reece, in his first assignment of error, also objects to the manner in which the Deed of Separation was introduced into evidence. Mr. Reece contends that courts should only accept into evidence copies of judgments which are authenticated.
We agree with Mr. Reece that the only time copies of judgments are properly introduced into evidence is when they are authenticated. However, as previously stated, the Deed of Separation is not a judgment, but is instead a contractual agreement authorized by North Carolina Statutes, thus, other forms or types of proof can be accepted. The Separation Deed was introduced into evidence and marked as defendant's Exhibit Number One. Mr. Reece admitted to signing the Deed of Separation, and he admitted to all of its terms. Thus, we find that the agreement was properly introduced into evidence in light of the admissions of Mr. Reece and the testimony of the other parties involved.
In Mr. Reece's second assignment of error, he contends that the District Court erred in failing to give credit for the charges made by Mrs. Reece on their joint credit cards. We disagree.
In order to decide the outcome of the above issue, it is necessary to determine which laws applyLouisiana, or North Carolina, the state where the deed was entered into. Allen v. Allen, 484 So.2d 269 (La.App. 3rd Cir.1986) dictates that unless the law of a sister state upon which a party relies is placed into evidence, then it is presumed that such law is the *593 same as that of Louisiana. Proof of North Carolina substantive law on the above issue was not placed into evidence, thus, we will presume that North Carolina law and Louisiana law are the same.
The applicable Louisiana law can be found in Reid v. Allstate Ins. Co., 407 So.2d 34 (La.App. 3rd Cir.1981). Reid stands for the elementary proposition that a plaintiff must prove his case before he is allowed to recover. Reid goes on to state that in order to prove one's case, it is necessary that the plaintiff prove each and every element of the damages claimed. We find that Mr. Reece did not prove his damages from the alleged charges made by his wife. Plaintiff only made allegations that the damage he sustained was in the amount of $2,000. The record is devoid of any documentary evidence of the charges. All plaintiff had to do was simply introduce copies of the bills into evidence. Thus, we find that plaintiff has failed to prove by a preponderance of the evidence the damages he claims in his suit. The trial court therefore, did not abuse its discretion in denying offset to Mr. Reece.
Accordingly, for the reasons stated above, we affirm the judgment of the trial court at appellant's cost.
AFFIRMED.