523 So.2d 874 (1988)
Carol Hensley JONES
v.
John Michael JONES.
No. CA-8126.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
Rehearing Denied May 11, 1988.
*875 A.D. Freeman, Satterlee, Mestayer & Freeman, New Orleans, for plaintiff-appellant.
T. Allen Usry, Usry & Weeks, Metairie, for defendant-appellant.
Before SCHOTT, GARRISON and CIACCIO, JJ.
SCHOTT, Judge.
This appeal by the Hibernia National Bank is from a judgment in favor of Mrs. Carol Hensley Jones granting a permanent injunction against Hibernia from enforcing a mortgage on the "Paces Ferry" property in Atlanta, Georgia. The issue is whether the bank by violating the Louisiana Deficiency Judgment Act (LSA-R.S. 13:4106) forfeited its right to foreclose on the Georgia property even though the bank's conduct would not exclude foreclosure under Georgia law.
Carol and John Jones were divorced in 1978. After several years of fighting over alimony and child support between the parties and struggling by John Jones to preserve his financial stability, they reached the point where the Paces Ferry home, the domicile of Carol and the children, was subject to a mortgage to secure a note held by the bank for over $800,000. Also securing the debt were mortgages on an Atlanta condominium, a Florida condominium, and a house on St. Charles Avenue in New Orleans.
In November, 1983 John sold the Atlanta condominium for $245,000 with Hibernia's consent to release its mortgage on the property. The proceeds were applied to an encumbrance superior to Hibernia's on the condominium and a first mortgage on the Paces Ferry property with the balance of $19,600 going to Hibernia. In October, 1985 Hibernia instituted Georgia foreclosure proceedings on the Paces Ferry property. On the petition of Carol Jones the trial court enjoined Hibernia from proceeding with the Georgia foreclosure on the ground that, under the Louisiana Deficiency Judgment Act, Hibernia forfeited its right to proceed against the Georgia property because of its participation in the condominium sale.
The Louisiana Deficiency Judgment Act, R.S. 13:4106 provides as follows:
If a mortgage or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to the debt nevertheless shall stand fully satisfied and discharged infsofar as it constitutes a personal obligation of the debtor. The morgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of hislother property for such deficiency, except as provided in the next paragraph.
If a mortgage or pledge affects two or more properties, movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby.
Hibernia offers several cogent arguments against the conclusion that the transaction in question prevented the enforcement of its mortgage even if the Louisiana statute applied, but these need not be considered in this opinion because of our conclusion that the law of Georgia, not Louisiana, applies to the foreclosure. The trial court recognized that Hibernia would not be excluded from foreclosing if Georgia *876 law applies. However, the court found that Louisiana law applied for the following reasons:
The essential question, therefore, is which law is applicable. The older more traditional rule, is that, in matters involving immovable property, the law of the situs would be applied. However, the later trend in such cases is to make the decision based on evaluation of the significant interest or contact each state has in the transaction. This rule has been adopted in the Restatement (Second) of Conflict of Laws, 8188 (1971). Section 229, comment (e) of the Restatement, says:
"The courts of the situs would apply their own local law to determine questions involving the foreclosure which affect interests in the land. Issues which do not affect any interest in the land, although they do relate to the foreclosure, are determined, on the other hand, by the law which governs the debt for which the mortgage was given. Examples of such latter issues are the mortgagee's right to hold the mortgagor liable for and deficiency remaining after foreclosure ..."
In this case, there is a contract between Louisiana domiciliances. The principal document, the hand note, provides that Louisiana law applies. I find that that there is, in this case, no real conflict between Louisiana and Georgia interest. There is a "false conflict" issue presented here. See Gelpi v. Burke, 344 [364] So.2d 1064 (La.App. 4th Cir.1978). I cannot see that any interest Georgia has in this transaction will be violated by the application of Louisiana law to this case. Under Louisiana law, Hibernia is no longer entitled to foreclose on the Paces Ferry property.
The trial court's conclusion is erroneous. By the very wording of the Restatement quoted in the court's reasons for judgment Georgia law is applicable to this foreclosure in Georgia. This is strictly a question of whether a Louisiana court with personal jurisdiction over a Louisiana bank can prevent the bank from foreclosing on property in Georgia when Georgia law permits the foreclosure. This is not a case of an attempt "to hold the mortgagor liable for any deficiency after foreclosure" which the Restatement recognizes would be governed by the law where the debt was written.
Accordingly, the judgment of the trial court is reversed and set aside, and there is judgment in favor of defendant, Hibernia National Bank, and against plaintiff, Carol Hensley Jones, dissolving the injunction issued by the trial court and dismissing plaintiff's petition for injunction at her cost.
REVERSED AND RENDERED.