PLOTKIN, Judge.
Plaintiff, Purchase Corporation, a nonresident, appeals the trial court’s dismissal of its action against defendant Carol L. Starkes on an exception of lack of subject-matter jurisdiction. We reverse and remand to the trial court for further proceedings in accordance with this opinion.
STATEMENT OF FACTS
On December 30, 1983, defendant Carol Starkes and her co-defendant former husband, M. Thomas Starkes, purchased property in Bay St. Louis, Mississippi, from plaintiff Purchase Corporation. Simultaneously, defendants executed two promissory notes totaling $74,500 in favor of plaintiff, with a provision that Mississippi law would apply. The notes were secured by a Deed of Trust on the property. Carol Starkes was later divorced from Thomas Starkes, and transferred her ownership interest in the property to him as part of their community property settlement. As a result of the transfer, Thomas Starkes assumed responsibility for the first mortgage.
After, defendants defaulted, the property was sold at auction to plaintiff Purchase Corp., the highest bidder, for $75,000 on November 24, 1986. The accelerated balance of the notes, including collection costs, was $84,770.09. After a credit of $75,000 the balance owing was $9,707.09. Plaintiff filed suit to collect the balance on the notes on November 23, 1987 in Orleans Parish, the domicile of defendant Carol Starkes. Co-defendant Thomas Starkes was not served with the petition. Mrs. Starkes filed a declinatory exception of lack of subject-matter jurisdiction. The trial court upheld the exception, and rendered judgment for Mrs. Starkes on July 20, 1989. This appeal followed.
Three issues need resolution to determine if Louisiana has jurisdiction. 1) Whether this is a personal or real action. 2) Whether a prior Mississippi judgment is required. 3) Whether La.R.S. 13:4108 is applicable.
PERSONAL OR REAL ACTION?
Mrs. Starkes contends that this a real action as it involves immovable property situated in Mississippi. However, plaintiff in the instant case, asserts that this is a personal action as it is essentially an action to collect on the promissory note.
In Louisiana, the distinction among the types of actions available is found in La.C. C.P. art. 422, which provides as follows:
A personal action is one brought to enforce an obligation against the obligor, personally and independently of the property which he may own, claim, or possess.
A real action in one brought to enforce rights in, to, or upon immovable property.
A mixed action is one brought to enforce both rights in, to, or upon immovable property, and a related obligation against the owner, claimant, or possessor thereof.
*1007 If the instant case involves a real action, as Mrs. Starkes claims, then the trial court was correct in its finding that Louisiana courts have no subject-matter jurisdiction. It is well settled that “immovable property is governed by the law of its situs and ... judgments of one state cannot directly affect or determine title to immovable property located in another state.” Dickerson v. Scott, 476 So.2d 524, 526 (La.App. 1st Cir.1985). However, the property involved in the present case has already been sold, and any judgment rendered by a Louisiana court will not affect title to an out-of-state immovable. There is no prohibition on a Louisiana court determining the legal rights and obligations between the parties to this action. “While a foreign court may not act directly on title to property, it may affeet the parties’ dealings with the property and bind them personally.” Id. at 527.
Because the Mississippi property involved in the present case can be separated from the mortgage and resultant debt, the main issue is the continuing obligation on the promissory note, which is a personal action subject to Louisiana jurisdiction. “Debts are payable wherever demand may be made on the debtor provided there is no special limitation or provision with respect to that situs.” Collector of Revenue v. Tenneco Oil Co., 206 So.2d 302, 306 (La.App. 4th Cir.1968). Since plaintiffs suit is based on a debt, plaintiff should be able to secure payment wherever the debtor is located; Mrs. Starkes cannot defeat subject-matter jurisdiction on the basis of this argument.
REQUIREMENT OF A PRIOR MISSISSIPPI JUDGMENT
In her second argument, Mrs. Starkes asserts that plaintiff must first obtain a judgment under Mississippi law before it can seek an alleged deficiency judgment based upon a Mississippi foreclosure proceeding. To the contrary, Purchase Corp. insists that Mississippi law does not require a judgment to pursue a deficiency claim. Moreover, plaintiff contends that defendant will have the same opportunity to present equitable defenses as she would have had if the property had been foreclosed on in Mississippi.
Ordinarily, a non-resident plaintiff will obtain a judgment in the state of residence, then seek to have the judgment recognized in Louisiana under La.C.C.P. art. 2541. See e.g., Delta National Bank of Yazoo City v. Holder, 398 So.2d 1072 (La.1981). Yet, Louisiana courts will recognize and honor agreements between the parties even when entered outside the state. For example, in Reece v. Reece, 502 So.2d 591 (La.App. 3d Cir.), writ denied, 503 So.2d 496 (La.1987), the court honored a North Carolina Deed of Separation as a contract between the parties authorized by North Carolina statutes, although it did not make the deed executory in Louisiana by giving it full faith and credit. Reece, 502 So.2d at 592. Even when litigation is not commenced in a sister state, Louisiana courts will apply the laws of that state when necessary. Smith, infra.
Further, “[t]he Due Process Clause of the United State Constitution, as interpreted by the United States Supreme Court, neither prohibits nor compels assumption of jurisdiction by the courts of one state over a cause of action arising in another state.” Smith v. Globe Indemnity Co., 243 So.2d 882, 888 (La.App. 1st Cir.1971). The Smith court allowed a Louisiana domiciliary to pursue his worker’s compensation claim in Louisiana, even though he had been injured in Tennessee; the court applied Tennessee law. Jurisdiction was based upon a balancing of factors including “the plaintiff’s choice of forum”. Id. at 890. Consideration of all the relevant factors in the instant case reveals that Louisiana may be more convenient for Mrs. Starkes than for Purchase Corp. since Purchase Corp. has the burden of proving its case by securing the appearance and cooperation of witnesses outside the subpoena power of the Louisiana court.
However, Purchase Corp. contends that the parties have complied with all requirements under Mississippi law for a deficiency claim. In Mississippi, under a Deed of Trust, the parties may contractually agree *1008 that the lender may invoke the power of sale upon borrower's default. Lake Hillsdale Estates, Inc. v. Galloway, 473 So.2d 461 (Miss.1985). Since Louisiana courts recognize contracts between parties that are authorized by foreign statutes, and will apply the laws of another state as needed, the district court should be able to apply the appropriate Mississippi laws in this instance. Subject-matter jurisdiction is not defeated by the fact that no prior Mississippi judgment has been obtained.
EFFECT OF LSA-R.S. 13:4108(4)
The Louisiana Deficiency Judgment Act can be found at LSA-R.S. 13:4106 et seq. In 1986, the Legislature added LSA-R.S. 13:4108, which appears to specifically allow plaintiffs action in the instant case. La.R.S. 13:4108 provides, in pertinent part, as follows:
Notwithstanding any other law to the contrary, including but not limited to R.S. 13:4106 and 4107, none of the following actions by a mortgagee or other creditor shall prohibit the mortgagee or other creditor from obtaining a deficiency judgment against any debtor, guarantor, or surety, notwithstanding the fact that a sale of property or collateral may have occurred at a judicial sale without appraisal, at a public or private sale with or without appraisal, or at a judicial sale with a defective appraisal:
[[Image here]]
(4) The mortgagee’s or other creditor’s exercise of its rights against property subject to a mortgage, pledge, privilege, security interest, or encumbrance in favor of such creditor, when the property or collateral is located outside the state of Louisiana, and the creditor has elected to proceed under the laws of the state, county, or territory where the property or collateral is then located to seize or sell such property or collateral.
Although no courts have yet interpreted LSA-R.S. 13:4108(4), the apparent legislative intent is to allow a creditor to proceed under the laws of the state where the property is located, and still obtain a deficiency judgment in Louisiana. Prior to the inception of this statute, it was recognized that Louisiana courts would not apply Louisiana deficiency judgment statutory requirements of appraisal and sale to a foreign judgment. Gelpi v. Burke, 364 So.2d 1064, 1066 (La.App. 4th Cir.1978). Nor would Louisiana courts apply the requirements of the deficiency judgment act to other proceedings on property located outside the state, even when the note provided that Louisiana law would apply. Jones v. Jones, 523 So.2d 874 (La.App. 4th Cir.), writ denied, 531 So.2d 474 (La.1988).
Although LSA-R.S. 13:4108 is part of the deficiency judgment act, which is not normally applied to out-of-state property, section 4 specifically refers to property located outside the state. Unless a Louisiana creditor is allowed to proceed under the circumstances of the instant case, the section will be useless. Thus, to give the statute any meaning, a Louisiana creditor must be allowed to take advantage of 13:4108(4). Though not specifically allowed, or prohibited, a non-resident creditor should be permitted to exercise the same rights as a Louisiana creditor.
Thus, LSA-R.S. 13:4108(4) permits the plaintiff in the instant case to exercise its rights against the Mississippi property, follow Mississippi law, and then bring a deficiency judgment action against the debtor in Louisiana. Finally, there is no other reason to prohibit the plaintiff’s deficiency action, and the trial court is fully capable of applying Mississippi law to determine if the proceedings in Mississippi were properly handled.
CONCLUSION
Since a non-resident plaintiff has a right to bring a deficiency judgment action against a resident defendant, the trial court’s judgment granting the defendant’s exception of subject-matter jurisdiction is reversed. The case is remanded to the trial court for further proceedings, all costs to await final determination by the trial court.
REVERSED AND REMANDED.