STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0765

CENTRAL PROGRESSIVE BANK

VERSUS

DAVID E. FLEISHER, MIKE ADKINSON A/K/A WILLIAM MICHAEL
ADKINSON, ROBERT T. WINDHAM A/K/A ROBERT TO WINDHAM, SR.,
AND LEE FREYER KENNEDY

**Judgment Rendered: (APR 1 6 2021**

\* \* \* \* \* \*

On appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number 2008-13320

Honorable Raymond J. Childress, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Robin B. Cheatham<br>Scott R. Cheatham<br>Robert Parrott<br>Jeffrey E. Richardson<br>Sara Valentine<br>New Orleans, LA | Counsel for Plaintiff/Appellant<br>HCB Financial Corporation,<br>substituted party plaintiff for<br>Central Progressive Bank |
| Jeffrey Oakes<br>Alex L. Ducros<br>New Orleans, LA<br>G. Brice Jones<br>Slidell, LA | Counsel for Defendant/Appellee<br>Lee Freyer Kennedy |

\* \* \* \* \* \*

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

McClendon, (J.) Concurs in the result reached by the majority.

**GUIDRY, J.**

This matter is on appeal by the plaintiff from a summary judgment in favor of the defendant. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This case arises in the context of a loan default, foreclosure, and deficiency judgment. The defendant herein, Lee Freyer Kennedy, was an individual member of a limited liability company, Mississippi Investors VI, L.L.C. In 2006, Mississippi Investors entered into a business loan agreement with Central Progressive Bank. The loan was guaranteed by Kennedy and three other individual members of Mississippi Investors; the loan was also secured by immovable property located in Florida.

Mississippi Investors defaulted on the loan. Thereafter, in 2008, Central Progressive Bank brought suit in the 22nd Judicial District Court against Kennedy and the remaining members of Mississippi Investors to collect on the 2006 guaranties.[1] Central Progressive Bank also commenced action in a Florida court to foreclose on the aforementioned property. HCB Financial Corporation (HCB), the successor to Central Progressive Bank and the plaintiff herein, obtained a final judgment of foreclosure on the Florida property on December 6, 2012. HCB obtained the judgment of foreclosure after having moved for summary judgment on its foreclosure claim, which was granted by the court. HCB also moved for summary judgment in opposition to counterclaims, which had been filed by the Florida defendants.

---

[1] In 2008 and 2010, Central Progressive Bank supplemented and amended its petition. Additionally, in 2012, the claims against the three remaining members of Mississippi Investors were settled.

On April 10, 2013, a joint stipulation of dismissal with prejudice was entered into by the Florida parties.[2] The Florida case was then dismissed with prejudice on May 8, 2013. Thereafter, on February 7, 2019, Kennedy filed a motion for summary judgment, which is the subject of this appeal. In her motion for summary judgment, Kennedy argued that the dismissal, with prejudice, of the Florida case barred HCB from pursuing a deficiency judgment against her. HCB opposed the motion for summary judgment. A hearing was held on August 16, 2019, after which the district court granted the summary judgment in favor of Kennedy and entered an order dismissing the case with prejudice. Judgment was signed on October 1, 2019. HCB now appeals.

## ASSIGNMENTS OF ERROR

1. The district court erred when it granted summary judgment, and dismissed HCB Financial's claims against Kennedy, with prejudice.

2. The district court erred when it granted summary judgment to the extent it found Louisiana law required HCB Financial to obtain an appraisal of the Florida Property in connection with the foreclosure.

3. The district court erred when it granted summary judgment to the extent it found Florida law required HCB Financial to proceed with its claim for deficiency judgment in the Florida court.
    a. The district court erred when it granted summary judgment to the extent it found that the Florida Court granted or denied HCB Financial's claim for deficiency judgment.

## STANDARD OF REVIEW

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966A(3).

---

[2] The joint stipulation pertained to the dismissal of the Florida defendants' counterclaims. The Florida defendants were Mississippi Investors VI, L.L.C., Long Point Cove, L.L.C., Mortgage One, Inc., and First Premiere Funding, Inc. We note that Kennedy was not a party to the Florida case, neither were the remaining members of Mississippi Investors.

The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966A(2).

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966D(1). If, however, the mover fails in his burden to show an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the mover is not entitled to summary judgment. Succession of Hickman v. State Through Board of Supervisors of Louisiana State University Agricultural and Mechanical College, 16-1069, p. 4 (La. App. 1st Cir. 4/12/17), 217 So. 3d 1240, 1244. In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Succession of Hickman, 16-1069 at p. 5, 217 So. 3d at 1244.

## DISCUSSION

At the outset, we note that the May 8, 2013 final order of dismissal contains language that differs from the joint stipulation of dismissal. The joint stipulation of dismissal with prejudice, filed on April 10, 2013, provided that the parties, "pursuant to Rule 1.420(a), Florida Rules of Civil Procedure, stipulate to the dismissal with prejudice of any and all of Defendants' claims brought in this action, including, but not limited to, all claims contained in the Original

4

Counterclaim filed by Defendants on August 11, 2011."[3] The order of dismissal, however, reads as follows: "THIS CAUSE came before the Court upon presentation of a JOINT STIPULATION OF DISMISSAL WITH PREJUDICE and after reviewing same, it is hereby ORDERED, ADJUDGED and DECREED that this matter is HEREBY DISMISSED, WITH PREJUDICE."

The plaintiff herein, HCB Financial, argues that the district court erred in granting the defendant's motion for summary judgment. We disagree. We must evaluate the order of dismissal on its face, having no means of ascertaining, beyond the language of the judgment itself, what the court's motivation was in rendering it. By its clear terms, the order of dismissal disposes of the entire matter with prejudice. Thus, what we have before us, is a final determination of the case, as the words "with prejudice" normally connote that there has been an adjudication on the merits. See generally, Schindler v. Bank of New York Mellon Trust Co., 190 So. 3d 102, 104 (Fla. 4th DCA 2015); W&W Lumber of Palm Beach, Inc. v. Town & Country Builders, Inc., 35 So. 3d 79, 83 (Fla. 4th DCA 2010).

Here, prior to the dismissal of the case, HCB Financial was granted summary judgment on its foreclosure claim, with its deficiency claim reserved, as evidenced by the December 6, 2012 final judgment of foreclosure. Thereafter, the

---

[3] At the time the joint stipulation was entered into by the parties, Rule 1.420 provided in part as follows:

> (a) Voluntary Dismissal.
> (1) *By Parties.* Except in actions in which property has been seized or is in the custody of the court, an action, a claim, or any part of an action or claim may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (B) by filing a stipulation of dismissal signed by all current parties to the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.

Fla. R. Civ. P. 1.420(a)(1) (emphasis in original); In re Amendments to the Florida Rules of Civil Procedure, 52 So. 3d 579, 587 (Fla. 2010).

remaining issues before the court included the reservation of the deficiency claim, counterclaims that had been filed by the Florida defendants, and a second motion for summary judgment filed by HCB Financial.[4] As shown by the defendant, Kennedy, the fourteen-count counterclaim filed by the Florida defendants challenged HCB's right to a deficiency judgment.[5] Subsequently, HCB's motion for summary judgment, in so defending against the counterclaims, asserted HCB's right to a deficiency. HCB sought relief from the court in its favor, asking the court to resolve all of the claims and counterclaims brought by the defendants, as they fail as a matter of law.

From our view, as asserted by Kennedy, at the time of dismissal, both the Florida defendants and HCB Financial had placed before the court the issue of HCB's entitlement to a deficiency judgment. By virtue of the stipulation, the Florida defendants' counterclaims were dismissed. Then, by order of the court, all issues that remained before it, were dismissed, with prejudice. Significantly, we note that there was no reservation of HCB's deficiency claim in the order of dismissal. Rather, that claim was pending before the court and summarily dismissed.

Florida law provides that a plaintiff in a foreclosure action has the option of suing at common law to recover a deficiency unless the court in the foreclosure action has granted or denied deficiency relief. See Fl. St. 702.06.[6] HCB argues

---

[4] HCB first moved for summary judgment on the Florida defendants' counterclaims prior to obtaining the foreclosure judgment. The first motion for summary judgment was denied.

[5] The Florida defendants filed a counterclaim with 14 counts, including claims for declaratory judgment, fraud, and breach of contract. As it relates to a deficiency judgment in particular, Count II sought a judgment declaring that "the fair market value of the Horizon Property and Villages D & E was in excess of the debt owed to Plaintiff." Count I sought a judgment declaring that Central Progressive Bank charged usurious rates of interest.

[6] Florida Statutes 702.06 provides:

> In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court ... The complainant shall also have the

that a court has not ruled on its deficiency claim. However, the order dismissing the entire matter effectively denied the requested deficiency relief that was pending at the time. While the facts surrounding the differences in the joint stipulation of dismissal and order of dismissal are unknown to us, what is known is that HCB did not seek a modification. Thus, the final order of dismissal controls. It follows that, pursuant to La. R.S. 13:4108(4), a party may not preserve its right to a deficiency judgment by exercising rights against a property located in a foreign state and then discarding the laws of that state. See La. R.S. 13:4108(4);[7] see also Purchase Corp. v. Starkes, 560 So. 2d 1005, 1008 (La. App. 4th Cir. 1990) (a party may exercise rights against a property located in a foreign state, follow the law of that state, and then bring a deficiency judgment action against a debtor in Louisiana). As noted above, the Florida court undoubtedly dismissed HCB's deficiency claim. HCB cannot now seek its deficiency judgment here.

The evidence considered, we find no merit in the assertion that the district court erred in granting summary judgment to the defendant.

## CONCLUSION

For the above and foregoing reasons, we affirm the October 1, 2019 summary judgment granted in favor of the defendant/appellee, Lee Freyer

---

right to sue at common law to recover such deficiency, unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment.

[7] Louisiana Revised Statutes 13:4108 provides in pertinent part:

> Notwithstanding any other law to the contrary, including but not limited to R.S. 13:4106 and 4107, none of the following actions by a mortgagee or other creditor shall prohibit the mortgagee or other creditor from obtaining a deficiency judgment against any debtor, guarantor, or surety, notwithstanding the fact that a sale of property or collateral may have occurred at a judicial sale without appraisal, at a public or private sale with or without appraisal, or at a judicial sale with a defective appraisal:
>
> ***
>
> (4) The mortgagee's or other creditor's exercise of its rights against property subject to a mortgage, pledge, privilege, security interest, or encumbrance in favor of such creditor, when the property or collateral is located outside the state of Louisiana, and the creditor has elected to proceed under the laws of the state, county, or territory where the property or collateral is then located to seize or sell such property or collateral.

Kennedy. All costs of this appeal are assessed to the plaintiff/appellant, HCB Financial Corporation.

**AFFIRMED.**